UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMON T RAMIREZ, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. H-09-687 |
| } | |
| ENVIRO TANK EQUIPMENT, } | |
| } | |
| Defendant. } | |

**OPINION & ORDER**

Pending before the Court is Defendant Enviro Tank Equipment ("Enviro")'s Motion to Dismiss (Doc. 3). No response has been filed by Plaintiff Ramon T. Ramirez ("Ramirez"). For the reasons explained below, the Court GRANTS Defendant's motion.

**I.     Background & Relevant Facts.**

On March 9, 2009, Ramirez filed suit against Enviro alleging race, sex and national origin discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII".) Enviro seeks dismissal of all the causes of action for failure to state a claim, arguing all causes of action are time-barred under Title VII.

On February 25, 2008, Ramirez filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("Texas Civil Rights"). In the Charge, Ramirez complained that Enviro had subjected Ramirez and fellow Central American employees to physical threats, racial names and harassment. On February 22, 2008, Ramirez was terminated from his employment at Enviro.

Subsequently, on November 21, 2008, the Equal Employment Opportunity Commission ("EEOC") issued Ramirez his Right to Sue Letter. Ramirez executed a sworn affidavit testifying he "received correspondence" from the EEOC on December 6, 2008.

On February 24, 2009, Ramirez filed a second Charge of Discrimination with Texas Civil Rights. In the Charge, Ramirez alleged that his supervisor at Enviro made several unwanted sexual advances upon him while he was employed there from October 2007 to February 2008.

### II.     Legal Standard on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir.

2003).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### III.     Discussion.

#### a.  90 Day Limit.

Ramirez filed his complaint on March 9, 2009.  The uncontested evidence shows that Ramirez received his Right to Sue Letter from the EEOC regarding his Charge for national origin and race discrimination and retaliation on December 6, 2009. Ramirez waited 93 days before filing suit after receipt of the Right to Sue Letter.  Under 42 USC § 2000e-5(f)(1), a complainant is required to file suit within 90 days of receipt of his Right to Sue Letter.  *See also*, *Goodman v. City Products Corp., Ben Franklin Div.*, 425 F.2d 702, 703-704 (6th Cir. Tenn. 1970) (construing equivalent statutory time limitation in Title VII).  Plaintiff's complaint, filed over ninety days after receipt of the right-to-sue letter, was therefore untimely, and he has failed to state any equitable reason for disregarding the statutory requirement. *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, (1982). "While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir. 1982)).[1]  Thus the race and national origin discrimination and retaliation claims are time-barred.  The Court dismisses them.

#### b.     180 Day/ 300 Day Limit.

Ramirez was terminated by Enviro from his employment on February 22, 2008. Therefore, the latest at which the events he complained of could have occurred was the date of

---

[1]     Plaintiff's *pro se* status alone does not excuse him from the law's requirements.

his termination. Ramirez did not file a Charge of Discrimination with Texas Civil Rights alleging sex discrimination and retaliation until February 24, 2009, just over a year later.

Under 42 USC § 2000e-5(e)(1), complainant shall file a charge within 180 days of when the alleged unlawful employment practice occurred, or within 300 days if complainant originally instituted a proceeding with a State or local agency. *See also AMTRAK v. Morgan*, 536 U.S. 101, 121 (U.S. 2002) (holding same). Ramirez exceeded the applicable time limits by filing his Charge over one year after the alleged occurrence of the unlawful employment practices. Again no equitable considerations for lenient application of this time limit are apparent. Therefore, the sex discrimination and retaliation claims are time barred. The Court dismisses them.

**IV.   Conclusion.**

Accordingly, it is hereby ORDERED that the Defendant Enviro's Motion to Dismiss (Doc. 3) is GRANTED.

SIGNED at Houston, Texas, this 13th day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE